FILED

08/23/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0053

DA 14-0053

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 212

STATE OF MONTANA,

      Plaintiff and Appellee,

    v.

THERON JAMES BLAKE,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Tenth Judicial District,
In and For the County of Fergus, Cause No. DC 13-01
Honorable Jon A. Oldenburg, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Chad Wright, Chief Appellate Defender, Eileen A. Larkin, Assistant Appellate Defender, Helena, Montana

      For Appellee:

            Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Assistant Attorney General, Helena, Montana

            Thomas P. Meissner, Fergus County Attorney, Jean A. Adams, Deputy County Attorney, Lewistown, Montana

Submitted on Briefs: June 29, 2016

Decided: August 23, 2016

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Theron James Blake appeals an order of the Tenth Judicial District Court, Fergus County, denying his motion to dismiss charges against him. We address:

> *Whether the District Court prejudiced Blake when it conducted an in-chambers conference in Blake's absence.*

¶2 We affirm.

## PROCEDURAL AND FACTUAL BACKGROUND

¶3 On January 9, 2013, the State of Montana filed an Information charging Blake with eight offenses: seven sex offenses involving three alleged victims—two minors, B.S. and L.L., and one adult, K.L.—and one offense of tampering with evidence. Blake pled not guilty to all eight charges, and a trial was scheduled for June 25, 2013. Less than one week before trial, the State filed several motions, seeking to: (1) add a witness, (2) exclude certain evidence from trial, and (3) amend the Information as to form. Also just before trial, the State provided discovery that included a 911 recording, a Montana Crime Lab report, and police reports of two witness interviews, one of whom was an alleged minor victim. On June 21, 2013, Blake filed a motion to dismiss the case with prejudice, contending that the State's motions were untimely, that the State committed "violations of discovery by disclosing information, exculpatory and otherwise, less than one week before trial," and that this information would have impacted Blake's plea negotiations. That same afternoon, the District Court conducted an emergency in-chambers conference. Blake did not appear at the conference. His counsel appeared telephonically. When asked whether she had any concerns about Blake not being present at the conference,

Blake's counsel stated: "if we reach a point where I believe he needs to be present I will alert the Court." During the conference, the District Court vacated the June 25, 2013 trial date and continued the jury trial to August 26, 2013. After the conference, the District Court issued a written order continuing the trial to August 26, 2013. The District Court also issued a written order denying Blake's motion to dismiss, ruling that Blake's counsel waived Blake's right to be present at the June 21, 2013 hearing, and finding that the continuance mooted Blake's complaints regarding the State's late-filed discovery disclosure.

¶4 The District Court held a jury trial from August 26 through 29, 2013. The jury found Blake guilty of three offenses: one count of sexual assault of L.L. and two counts of sexual assault of B.S. On November 25, 2013, the District Court sentenced Blake to fifty years at Montana State Prison for each of the three convictions. The District Court also designated Blake as a Level II sex offender and required him to complete Phases I and II of sex offender treatment in prison. Blake appeals the District Court's order denying his motion to dismiss, claiming that he was prejudiced by his absence at the June 21, 2013 emergency hearing, and that his convictions should therefore be reversed and remanded for a new trial.

**STANDARD OF REVIEW**

¶5 "We exercise plenary review over constitutional questions, including alleged violations of a criminal defendant's right to be present at critical stages of the proceedings against him." *State v. Wilson*, 2013 MT 70, ¶ 9, 369 Mont. 282, 297 P.3d 1208.

**DISCUSSION**

¶6    *Whether the District Court prejudiced Blake when it conducted an in-chambers conference in Blake's absence.*

¶7    Under both the Montana Constitution and the United States Constitution, a defendant has the right to be present at all "critical stages" of the criminal proceedings against him. *Wilson*, ¶ 11. A critical stage includes "any step of the proceeding where there is potential for substantial prejudice to the defendant." *State v. Charlie*, 2010 MT 195, ¶ 40, 357 Mont. 355, 239 P.3d 934 (citation omitted). The right to be present thus attaches "whenever the defendant's presence 'has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge.'" *State v. Reim*, 2014 MT 108, ¶ 36, 374 Mont. 487, 323 P.3d 880 (quoting *Charlie*, ¶ 40).

¶8    In determining whether a district court violated a defendant's right to be present, we typically consider: (1) whether the defendant was excluded from a critical stage of the proceedings; (2) whether the defendant waived his right to be present at the critical stage; and (3) whether the defendant was prejudiced by his absence. *State v. Price*, 2009 MT 129, ¶¶ 23-24, 350 Mont. 272, 207 P.3d 298. In this case, we conclude that Blake was not prejudiced by his absence from the emergency conference; therefore, we do not consider the initial questions of whether the conference constituted a critical stage or whether Blake validly waived his right to be present. *See Price*, ¶ 25. We will assume for the purposes of our analysis that the conference constituted a critical stage, and that Blake did not validly waive his right to be present. *See Price*, ¶ 25.

4

¶9    Prejudice to the defendant is presumed if the error is structural in nature. *See Charlie*, ¶ 40. "Structural defects are constitutional violations which so infect and contaminate the framework of a trial as to render it fundamentally unfair, requiring automatic reversal." *Charlie*, ¶ 40. In *Charlie*, the defendant argued that the district court violated his right to be present at a critical stage because he was absent from a telephonic conference in which the parties agreed to continue his trial to allow his counsel time to review a newly-discovered videotape introduced by the State. *Charlie*, ¶ 37. We held that, although the conference was a critical stage, the violation of Charlie's right to be present was not structural. *Charlie*, ¶ 41. Similarly, in *Price*, further discussed below, we held that a defendant's absence from eleven in-chambers conferences throughout his trial was not structural when "[n]othing that occurred at the conferences concerned or affected the framework within which Price's trial proceeded or necessarily rendered the trial fundamentally unfair." *Price*, ¶ 33. Here, as in *Charlie*, the sole purpose of the emergency conference was to discuss scheduling and ensure the parties had sufficient time to prepare for trial given the late-filed discovery. Blake's absence from the conference was not a structural error because it was not a "constitutional violation[] which so infect[ed] and contaminate[d] the framework of a trial as to render it fundamentally unfair." *Charlie*, ¶ 40; *accord Price*, ¶ 33.

¶10    When the violation of a defendant's right to be present at a critical stage is not structural, we apply a harmless error analysis under which the State has the burden to demonstrate that there is no "reasonable possibility" that the defendant's absence from the critical stage caused him prejudice. *Charlie*, ¶ 41. "Where the record shows that the

defendant was not prejudiced, we have affirmed." *Price*, ¶ 24 (citing *State v. Godfrey*, 2009 MT 60, ¶ 25, 349 Mont. 335, 203 P.3d 834). In *Price*, the defendant argued that he was prejudiced by his absence from several conferences in which the district court excluded certain evidence and one conference in which the district court removed a juror. *Price*, ¶¶ 21, 34. We held that Price's absence from the conference during which the court removed a juror did not cause him prejudice because the juror knew a key defense witness and indicated that she would view that witness's testimony with skepticism. *Price*, ¶ 40. We further held that Price was not prejudiced by his absence at the conferences during which the district court excluded evidence because the evidence was properly excluded, and Price's presence would not have changed that determination. *Price*, ¶¶ 41-43. In *Charlie*, we held that the defendant was not prejudiced because, "[b]y postponing the trial date in order to ensure that Charlie's counsel had time to review the videotape, the District Court and all parties were acting to protect Charlie's right to a fair trial." *Charlie*, ¶ 46.

¶11 At the time of the conference, Blake's trial was just four days away. The District Court stated that the purpose of the conference was not to address substantive matters, but rather to ensure the parties had sufficient time to prepare for trial. The Court indicated that it was inclined to continue the trial until late August or early September to allow Blake to complete discovery, but was receptive to comments from both parties. Blake's counsel responded that, while the District Court's concerns were legitimate, "[w]e will not waive speedy trial and we did not ask for a continuance of the trial." The State requested that the District Court give Blake's case priority if it did continue the trial

6

due to speedy trial concerns and the fact that Blake was incarcerated while awaiting trial. In his motion to dismiss, Blake claimed that having sufficient time to review the new evidence was critical to his case. Blake's trial was held within the speedy trial deadline, and he has not alleged that his right to a speedy trial was violated. As in *Charlie*, by postponing the trial date so that Blake's counsel had time to review the newly-disclosed evidence, all parties were acting to protect Blake's right to a fair trial. *See Charlie*, ¶ 46.

¶12 Moreover, at no point during the conference did the District Court or any of the parties discuss the substance of the late-filed discovery or its impact on the case; the evidence was discussed only to the extent that it impacted the trial schedule. Although Blake contends that he was denied the opportunity to argue that the late disclosure of evidence impacted his plea negotiations, the District Court did not allow the parties to argue the merits of the evidence or of Blake's motion to dismiss. As in *Price*, Blake's presence would not have changed the District Court's consideration of that issue. Therefore, there was no reasonable possibility that Blake's absence from the emergency conference caused him prejudice. Finally, because Blake was not prejudiced by his absence from the conference, his counsel's waiver of his right to be present could not have prejudiced him.

## CONCLUSION

¶13 We affirm the District Court's decision and order.

/S/ JAMES JEREMIAH SHEA

7

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ JIM RICE


Justice Laurie McKinnon, specially concurring.

¶14　For the reasons previously set forth in my special concurrence in *State v. Northcutt*, 2015 MT 267, 381 Mont. 81, 358 P.3d 179, I cannot agree that a claim alleging a right to be present should be evaluated pursuant to whether it occurred during a "critical stage" of the trial. This Court borrowed the concept of "critical stage" of the proceeding from precedent of the United States Supreme Court construing the Sixth Amendment and a criminal defendant's right to counsel. *See Powell v. Alabma*, 287 U.S. 45, 53 S. Ct. 55, 77 L. Ed. 158 (1932). "Critical stage" *of the proceeding*, as compared to the trial itself, was the term utilized to extend the right to counsel from trial to proceedings outside the trial—such as an arraignment or a pre-trial identification. It is an inapt distinction to make to events occurring within the trial itself and for which Defendant clearly has a right to counsel. Indeed, it would be an implausible argument to suggest that *any* part of the trial was less critical such that no right to counsel attached. Applying this incorrect analysis to a right to presence claim first appeared in our jurisprudence in *State v. Matt*, 2008 MT 444, 347 Mont. 530, 199 P.3d 244, and we have perpetuated the error in *Charlie* and *Price* and other subsequent cases. As a result, we have been required to unreasonably conclude that an ex parte conversation between a

judge and jury about what the jury would like for dinner constitutes a critical stage of the proceeding. *Northcutt*, ¶ 17.

¶15  I would evaluate Blake's presence claim to determine whether "his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge." *Snyder v. Massachusetts*, 291 U.S. 97, 105-06, 54 S. Ct. 330, 332, 78 L. Ed. 674 (1934); *State v. Schenk*, 151 Mont. 493, 499, 444 P.2d 861, 864 (1968).  As I believe Blake's absence from the emergency conference did not have a substantial relationship to his opportunity to defend against the charge, I would affirm the District Court pursuant to this inquiry only.

/S/ LAURIE McKINNON